## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| William Eugene Wedemeyer, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| City of Williston unknown transport officers | ) | |
| County of Williams Sheriff Department | ) | |
| State of North Dakota | ) | Case No. 1:07-cv-033 |
| Department of Corrections and Rehabilitation | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, William Eugene Wedemeyer ("Wedemeyer"),[1] is presently incarcerated in a

federal detention facility in Colorado.  On April 24, 2007, he file a  a *pro se* complaint pursuant to

U.S.C. § 1983 as well as an application to proceed *in forma pauperis*.  This case is now before the

court for an initial review as mandated by 28 U.S.C. §1915A.

---

[1]Wedemeyer was charged in Case No. 4:04-cr-004 with the offense of mailing threatening communications in violation of 18 U.S.C. § 876(f).  Docket No. 1.  He was convicted by a jury on March 18, 2004, and subsequently sentenced by the court to a term of imprisonment of twenty-four months, with credit for time served, to be followed by three years of supervised release.  Docket Nos. 22 and 32.

On March 1, 2006, the United States petitioned the court to revoke Wedemeyer's supervised release on the grounds that he violated the conditions that he not commit any violations of state, federal, or local law while on release and that he submit to drug screening.  Docket No. 36.  According to the petition, Wedemeyer was convicted in state court on charges of reckless endangerment (a Class A misdemeanor) on December 13, 2005, for which he received a one year suspended sentence with credit for time served.  Id.  In addition, on October 25, 2005, he refused to submit to drug screening as required.  Id.

On February 27, 2006, Wedemeyer appeared before the Williams County District Court, which revoked the term of his state probation and sentenced him to eighteen months imprisonment with credit for time served.  Id.

On March 29, 2007, Wedemeyer made his initial appearance before this court on the United States' petition. Docket No. 45.  On April 12, 2007, the court accepted Wedemeyer's admission to violating the conditions of his supervised release as alleged in the petition and ordered that he be imprisoned for eight months to be followed by twenty-four months of supervision.  Docket No. 48.  According to the federal Bureau of Prison's website, Wedemeyer is currently being held in a federal detention facility in Colorado and has an anticipated November 2007 release date.

## I.     BACKGROUND

Wedemeyer's complaint sets forth two separate causes of action: (1) that law enforcement officers exhibited deliberate indifference to Wedemeyer's safety to the extent that they made him wear shower shoes during transit to and from court on January 23, 2007; and (2) that officials with Williams County and the North Dakota Department of Corrections and Rehabilitation (NDDOCR) forcibly administered Seroquel, an antipsychotic medication,[2] to Wedemeyer against his will. Specifically, Wedemeyer's complaint alleges:

Claim No. 1

On 1/23/2007 at Williams Count[y] jail [t]hey forced me to wear shower shoes to court outside of facility in snow and ice. I [was] transported by an unknown city of Williston transport officer. When I was being returned to the jail I slipped on the ice and split my head open. I had to go to the hospital for stitches [and] a cat scan. I ended up with a concussion. This injury was a result of the Williams County's policy or custom of deliberate indifference that requires inmates to wear shower shoes and ankle chains in icy conditions that led to my injury. And the direct failure of other defendants stated lack of actions to change policies and procedures. And State of North Dakota for not changing rules.

The City of Williston unknown transport officer failed to aide me across the ice in shower shoes and transport chains; said officers should have at least grabbed my elbow to keep me upright. Also said officer should have said something about the type of shoes I was forced to leave in. This happened 1/23/2006. I was injured as a result of the deliberate indifference and policies involved.

* * *

The State of North Dakota is also responsible as the City of Williston and Williams County sheriff's department are expected to uphold the laws and rules of the State. In essence all individuals are individually and collectively responsible to set and abide by the same policies and rules under state statutes. All or in violation of rule or color of the law by custom or deliberate indifference. This incident occurred on 1/23/2006.

---

[2]Seroquel is indicated for the treatment of schizophrenia as well as for acute manic episodes associated with bipolar I disorder. See Physicians' Desk Reference 61st Ed., p. 691 (2007).

Claim No. 2

> The County of Williams and State of North Dakota Department of Corrections and Rehabilitation [are] forcing me to take a medication found to be dangerous and detrimental to the health of users. They have been forcing me to take Seroquel in doses as high as 1200 mg's and low as 400 mg's. Seroquel has been found to be dangerous to the health of users all across the U.S. as it causes serious harm to the users. I feel they have been endangering my life with this drug and never chose to change my medications.

Plaintiff's Complaint, Docket No. 4.

In his complaint, Wedemeyer asks for monetary damages in the amount of $1,500,000, but it appears that the damages being requested are for the concussion and pain and suffering that he claims he suffered as a result of the fall on the ice.

## II.    DISCUSSION

### A.    Standard Governing Initial Review

When prisoners proceeding *in forma pauperis* seek to sue a governmental entity, officer, or employee, the court is required under 28 U.S.C. § 1915A to conduct a preliminary screening of plaintiffs' complaint to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. In conducting the review, the court must keep in mind the admonition of the Eighth Circuit that *pro se* prisoner complaints are to be liberally construed and that the court is obligated to determine whether the complaint provides relief "on any possible theory." Haley v. Dormire, 845 F.2d 1488, 1490 (8th Cir. 1988). The court may not dismiss the complaint unless it "appears beyond doubt that plaintiff can prove no set of facts that would demonstrate an entitlement to relief." Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999).

In this case, Wedemeyer alleges claims under 42 U.S.C. § 1983.  To state a claim pursuant to § 1983, the plaintiffs must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

**B.      Analysis**

**1.      Deliberate Indifference**

Wedemeyer's initial claim of deliberate indifference arises out of injuries he allegedly sustained in a slip and fall accident.  Absent special circumstances, slip and fall accidents generally do not give rise to a cause of action under 42 U.S.C. § 1983, however.  See e.g., White v. Tyszkiewicz, 27 Fed. Appx. 314 (6th Cir. 2001) (dismissing the complaint of an inmate who had slipped and fell on some ice, the basis being he had not asserted a cognizable constitutional claim); Spencer v. Warden Sylvester, No. 97 Civ. 5491, 199Wl 61644 at *3 (E.D.N.Y. Feb. 2, 1999) (concluding that a slip and fall claim is not actionable under Section 1983); Denz v. Clearfield Co., 712 F. Supp. 65, 66 (W.D. Pa. 1989); Mitchell v. West Virginia, 554 F. Supp. 1215, 1216-17 (N.D. W. Va. 1983) ("To hold that this kind of injury or loss is a deprivation of constitutional rights would trivialize and grossly distort the meaning and intent of the Constitution."); Robinson v. Cuyler, 511 F. Supp. 161, 162-63 (E.D. Pa. 1981); Tunstall v. Rowe, 478 F. Supp. 87, 88-89 (N.D. Ill. 1979).

At most, Wedemeyer's complaint alleges that law enforcement personnel were negligent in their duty to protect him from hazardous conditions. Such allegations are insufficient to state claim under the Eighth Amendment. See Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) ("Simply put, "[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment.... Remedy for this type of injury, if any, must be sought in state court under traditional tort law

principles."); White v. Tyszkiewicz, 27 Fed. Appx. 314 (6th Cir. 2001); see also Mitchell v. West

Virginia, 554 F. Supp. 1215, 1216-17.  They are likewise insufficient to state a due process claim

as "[i]t is well established that the 'Due Process Clause is simply not implicated by a *negligent* act

of an official causing unintended loss of or injury to life, liberty, or property.'" Curry v. Kerik, 163

F. Supp. 2d 232 (S.D.N.Y. 2001) (quoting Daniels v. Williams, 474 U.S. 327, 328 (1986)).

Consequently, with respect to his alleged slip and fall, Wedemeyer has failed to state a cognizable

claim under 42 U.S.C. § 1983 for damage relief.

Also, to the extent that Wedemeyer may be seeking injunctive relief directed at the policy

of wearing "shower shoes," his claims are moot because he is no longer in the custody of the

defendants.  See, e.g., Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).  Further, he lacks

standing to assert a policy challenge.  Meuir v. Greene County Jail Employees, et.al, No. 05-3394,

2007 WL 1610472, __ F.3d __ (8th Cir. June 6, 2007); see also Martin v. Sargent, 780 F.2d 1334,

1337.       **2.      Forced Medication**

In Washington v. Harper, the United States Supreme Court recognized that, in addition to

any liberty interest that may be created by state policy, an inmate "possesses a significant liberty

interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process

Clause of the Fourteenth Amendment."  494 U.S. 210, 221-22 (1990); see also Riggins v. Nevada,

504 U.S. 127, 134 (1992) ("The forcible injection of medication into a consenting person's body .

. . represents a substantial interference with that person's liberty."); Bee v. Greaves, 744 F.2d 1387,

1391-93 (10th Cir. 1984) (discussing the right of pre-trial detainees to refuse antipsychotic drugs).

The Supreme Court  was careful to add, however, that the "Due Process Clause permits the State to

treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if

the inmate is dangerous to himself or others and the treatment is in the inmate's best interest."

Washington v. Harper, 494 U.S. 210, 227; see also Riggins v. Nevada, 504 U.S. 127, 134-35 (stating

that the State was obligated to establish the need for administering antipsychotic drugs once a

pretrial detainee moved to terminate its use).

### a. Forced medication claim against the NDDOCR

A state and its agencies are not persons within the meaning of 42 U.S.C. § 1983. Will v.

Michigan Dep't of State Police, 491 U.S. 58, 64 & 70(1989); Alsbrook v. City of Maumelle, 184

F.3d 999, 1010 (8th Cir. 1999).  In terms of seeking prospective injunctive relief, this may be more

of a technicality since public officials sued in their official capacities are persons within the meaning

of § 1983 and can be sued for injunctive relief.  Will v. Michigan Dep't of State Police, 491 U.S. at

71 n.10; Ex parte Young, 209 U.S. 123 159-160 (1908).  The more fundamental problems with any

claim by Wedemeyer for injunctive relief with respect to the forced medication issue are that such

claims are now moot as to the defendants he wishes to sue and he lacks standing to assert the claims

for reasons already discussed.

As previously noted, it does not appear that Wedemeyer is seeking damages with respect to

his forced medication claims.  But, even if the court is wrong in its interpretation of his complaint,

it is well-settled that states have immunity under the Eleventh Amendment for any claims of

damages in an action brought pursuant to 42 U.S.C. § 1983.  See Quern v. Jordan, 440 U.S. 332

(1979);  Edelman v. Jordan, 415 U.S. 651 (1974); Alsbrook v. City of Maumelle, 184 F.3d at 1010.

And, in this case the NDDOCR is a department of the of the State of North Dakota.

In summary, it does not appear that Wedemeyer has any cognizable claims against the

NDDOCR pursuant to 42 U.S.C. § 1983.

        **a.**        **Forced medication claim against the Williams County Sheriff's Department**

Any claim for injunctive relief against the Williams County Sheriff's Department is likewise

moot and Wedemeyer lacks standing to assert any policy challenge.  Further, since it does not appear

that he is seeking damages for the forced-mediation claims, it does not appear that Wedemeyer has

a cognizable claim pursuant to 42 U.S.C. § 1983 against the Williams County Sheriff's Department

either.[3]

Finally, even if court has misconstrued his complaint in terms of his intent to sue for

damages on the forced medication claim, there is another problem, which is the fact that the

Williams County Sheriff's Department is not a suable entity from which damages can be collected

under North Dakota law.  In De La Garza v. Kandiyohi Jail, Correctional Institution, 18 Fed. Appx.

436, 2001 WL 987542 (8th Cir. 2001) (unpublished *per curiam* opinion), the Eighth Circuit upheld

the dismissal of a § 1983 action by a prisoner against a jail facility and a county sheriff's department

as part of a § 1915A screening for failure to state a claim because neither defendant was a suable

entity.  The court stated the following:

> The district court dismissed the action with prejudice under 28 U.S.C. § 1915A(b)(1)
> for failure to state a claim because neither named party was a suable entity.
>
>     While we agree with the district court's conclusion, see Dean v. Barber, 951
> F.2d 1210, 1214 (11th Cir.1992) ("[s]heriff's departments and police departments are
> not usually considered legal entities subject to suit"); Marsden v. Fed. Bureau of
> Prisons, 856 F.Supp. 832, 836 (S.D.N.Y.1994) ("jail is not an entity that is amenable
> to suit"); In re Scott County Master Docket, 672 F.Supp. 1152, 1163 n. 1
> (D.Minn.1987) (sheriff's department is not legal entity subject to suit), aff'd, Myers
> v. Scott County, 868 F.2d 1017 (8th Cir.1989), we modify the dismissal to be
> without prejudice so that Mr. De La Garza may refile his complaint to name a suable
> entity or individual, cf. Monell v. Dept. of Soc. Servs., 436 U.S. 658, 707-08, 98
> S.Ct. 2018, 56 L.Ed.2d 611 (1978) (local government liable under § 1983 if injury

---

[3]  However, if the undersigned has misconstrued the complaint, Wedemeyer can so indicate in his objections
to this report and recommendation.

stems from official policy or custom); <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th
Cir.1985) (prison warden individually liable if directly involved in unconstitutional
decision).

<u>Id.</u> at *1 (footnote omitted).


**III.     CONCLUSION AND RECOMMENDATION**

Having conducted an initial review Wedemeyer's complaint and viewing the mentioned

claims in a light most favorable to Wedmeyer, it is hereby **RECOMMENDED** that Wedemyer's

claim be dismissed without prejudice and that his application to proceed *in forma pauperis* be

denied.


<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

Pursuant to Local Rule 72.1(3)(4), plaintiff may file any other objections to this Report and

Recommendation within fifteen days.   Failure to file appropriate objections may result in the

recommended action being taken.

Dated this 7th day of June, 2007.


<u>/s/ Charles S. Miller, Jr.</u>
Charles S. Miller, Jr.
United States Magistrate Judge